UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BETTY NORMAN AND ALFRED NORMAN                                                          PLAINTIFFS

V.                                                          CIVIL ACTION NO. 3:20-CV-418-DPJ-FKB

GEICO INSURANCE AND GEORGE'S PLACE, INC.                                        DEFENDANTS

ORDER

Plaintiffs Betty and Alfred Norman seek reconsideration of the Court's Order denying their motion to remand and dismissing non-diverse Defendant George's Place, Inc. Although the Court will examine their most recent jurisdictional motion in detail, Plaintiffs' own judicial admissions and declarations establish two facts that exonerate George's Place—the alleged fraud occurred in 2008, yet Plaintiffs purchased their first vehicle from George's Place in 2010. There is no reasonable basis for predicting a valid claim against George's Place for conduct occurring almost two years before it had any dealings with the Normans. Their motion [12] is denied.

I.   Background

Defendant GEICO Insurance Company denied Betty Norman's claim for uninsured-motorist bodily-injury (UMBI) coverage claiming that Alfred had signed a waiver of that coverage. The Normans sued GEICO and George's Place, from whom they had purchased several vehicles, claiming that the two Defendants conspired to forge Alfred's signature on the waiver. On April 15, 2020, this Court remanded the dispute to state court because GEICO had not shown that the amount in controversy exceeded $75,000, the jurisdictional minimum for diversity jurisdiction. But following remand, the Normans refused to limit their claims to less than $75,000, so GEICO removed the case again. This time, the Court found that George's Place was improperly joined. It therefore denied Plaintiffs' second motion to remand and dismissed

George's Place without prejudice. Plaintiffs seek reconsideration, and that motion has been fully briefed. This Order incorporates by reference the Court's previous orders.

II.     Standards

The Normans seek "reconsideration" without citing the applicable rule of procedure or legal standards. GEICO suggests that Rule 59(e) applies, and the Normans offered no argument to the contrary in their reply. But "[t]he denial of a motion to remand is an interlocutory order." *Alvarez v. Midland Credit Mgmt., Inc.*, 585 F.3d 890, 893 (5th Cir. 2009). And motions for reconsideration of interlocutory orders fall under Rule 54(b). *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017).

That rule states that interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "'Interlocutory orders,' such as grants of partial [dismissal] . . . 'are left within the plenary power of the court that rendered them to afford such relief from them as justice requires.'" *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985)). Whether to grant such relief is a matter left to the trial court's discretion. *Id.*; *see also* Fed. R. Civ. P. 60(b), advisory committee's note to 1946 amendment ("[I]nterlocutory judgments are not brought within the restrictions of [Rule 60], but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.").[1]

---

[1] If Rule 59(e) applies as GEICO asserts, then the Normans never addressed GEICO's argument that their motion for reconsideration fails to satisfy that rule's requirements.

III.     Analysis

There is only one substantive question in this motion—does the record show a reasonable basis for predicting a viable claim against George's Place. But before reaching that issue, the Court must revisit the correct standards and address the Normans' claim that the Court intentionally ignored the law.[2]

    A.     Arguments Regarding the Improper-Joinder Standards

The Normans argue at length that the Court should not have pierced the pleadings and that it applied the wrong standards. To begin, they accuse the Court of "creating jurisdiction through what the District Court has named in it's order piercing the pleadings." Pls.' Reply [17] at 1 (sic). The Court did no such thing.

Jurisdiction is binary; it either exists or it does not. The Court may not "creat[e]" it. *Id.* Moreover, pleading piercing to determine whether improper joinder has occurred has been a firmly established practice for the last four decades. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). As noted in the Court's original Order denying remand, pleading piercing is allowed when "a plaintiff has stated a claim[] but has misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc).

The Normans did just that. Their Complaint states that the alleged fraud occurred "[o]n or around October 24, *2008*." Compl. [1-2] at 5 (emphasis added). Yet they failed to mention

---

[2] Nearly every statement from Plaintiffs' briefs that is quoted in this Order contains multiple grammatical and/or typographical errors. Rather than highlighting each mistake, the Court will simply insert a single "sic" after each quote containing such errors.

that their first transaction with George's Place was in 2010.  This is exactly the type of omission that triggers a summary inquiry under *Smallwood*—the Normans offer no contrary legal authority.  They also fail to substantively address the Court's observation that the facts they omitted from their Complaint mirror the examples *Smallwood* provides for when a summary inquiry is appropriate.  *See* Aug. 17, 2020 Order [9] at 8 (quoting *Smallwood*, 385 F.3d at 574 n.12 (explaining that pleading piercing would be appropriate in cases like those where "the in-state doctor defendant did not treat the patient plaintiff")).

Rather than address the substantive issue, Plaintiffs argue that piercing should not occur now because the Court did not pierce when it first remanded their case: "Interesting enough, and for reasons not known to Plaintiffs' this honorable Court did not pierce the pleadings in Plaintiff's first argument for remand.  Also, this honorable Court did not make any findings that there was not a state actor."  Pls.' Reply [17] at 5 (sic); *see also id.* at 7 (noting that the facts are the same now as when the Court granted the first motion to remand).  They go on to accuse the Court of "bias as well as prejudice" because it now pierces the pleading and finds George's Place improperly joined "even though such holdings were not found in this Court's original (1st order) regarding the same set of facts."  *Id.* (sic).  The reason for the differing approaches should be clear enough—the Court originally found that the jurisdictional amount had not been established.  Because the Court never addressed improper joinder, there was no need to consider whether to pierce the pleadings under *Smallwood*.

The Normans then turn to a series of misinformed arguments regarding the applicable standards, arguing first that GEICO "has essentially filed a motion for judgment on the pleadings by submitting to this court essentially; if not all, most of it's argument as to why this Defendant should be granted the motion to remove."  Pls.' Reply [17] at 1 (sic).

This is wrong in three ways. First, GEICO did not "move to remove," it filed a notice of removal; Plaintiffs moved to remand. *Id.* Second, Plaintiffs cite no authority suggesting that GEICO is not entitled to make all available arguments; nor could they. Third, as to Plaintiffs' argument that GEICO is improperly attempting to seek "judgment on the pleadings," they again offer no relevant legal authority, asking instead, "where is the justice[?]" *Id.* at 2. But GEICO has not sought judgment on the pleadings for George's Place; it has established a basis for a summary inquiry—as *Smallwood* allows—into whether George's Place was properly joined.

Plaintiffs next accuse the Court of ignoring the facts and law and improperly considering their motive. *See, e.g.*, Pls.' Mot. [12] at 2. "For proof of this theory Plaintiff suggest that found on page 8, of the court's order, the court states that 'GEICO has identified discrete misstatements or omissions that allow the Court to pierce the pleadings and conduct a summary inquiry.'" *Id.* (sic). Plaintiffs also point to the Court's observation that despite documents "seemingly eliminat[ing] George's Place as the potential source of the alleged forged signature, the Normans believe they demonstrate that something foul was afoot." Aug. 17, 2020 Order [9] at 9.

Plaintiffs have conflated two distinct concepts. As noted above, when a defendant seeks to pierce the pleadings, the Court is *required* to determine whether the plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573. That is not a question of motive. "Motive," as used in this context, deals with something entirely different—"the motive or purpose *of the joinder*." *Id.* at 574 (emphasis added). In other words, "motive" examines whether a plaintiff joined an in-state defendant for the purpose of

destroying diversity jurisdiction. *Id.* Courts do not consider that "motive" in an improper-joinder context, *id.*, and no such motive was considered here.[3]

That the Court's Order was not based on motive—as correctly defined—should have been apparent. The proper test for improper joinder asks "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. The Court quoted that test in full in its Order denying remand and then applied it to the record. *See* Aug. 17, 2020 Order [9] at 7 (quoting *Smallwood*, 385 F.3d at 573); *see also id.* at 10 (applying improper-joinder test to claim against George's Place).

In a similar vein, Plaintiffs accuse the Court of "ignoring the 5th Circuit holdings and . . . allowing Defendant GEICO Insurance to submit volumes of records as though he is speaking for, No. 1, Defendant George's Place Inc., and No. 2 requesting a judgment on the Pleadings." Pls.' Reply [17] at 4 (sic). There are three problems with this assertion. First, GEICO is the correct party to make these arguments because "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574. Indeed, the improperly joined defendant need not consent to removal. *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007). Second, as noted above, GEICO is not seeking judgement on the pleadings. Third, the "holdings" Plaintiffs say the Court has ignored discuss the Rule 12(b)(6) standard. *See id.* at 2, 4 (citing *Twombly*); *id.* at 6 (citing *Iqbal*). But that standard is inapplicable when conducting a summary inquiry, under which the Court may "consider

---

[3] Had it been, the Court may well have noted George's Place's interrogatory response that when Betty Norman was asked why she was suing that defendant, she responded that "she was not." George's Place Resps. to Interrogs. [1-8] at 2.

6

summary-judgment type evidence." *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 766 (5th Cir. 2016).

The Normans also suggest that the Court improperly allowed GEICO to submit too many documents proving its point and improperly converted a Rule 12(b)(6) motion "to a F.R.C.P. 56 Summary Judgment." Pls.' Reply [17] at 6 (sic). Along those lines, they assert that

> [i]n this case the Court, **Sua Sponte**, attacked Plaintiffs pleadings which in turn assisted Defendant GEICO's removal to the district court, although Plaintiff has shown that the state actor must answer to the claims against it, but this honorable Court does nothing to the fact that Defendant GEICO Insurance has filed nearly 200 pages of documents as though he is requesting summary judgment.

*Id.* (sic).

This argument is wrong in four ways. First, the Court did not act *sua sponte*. "*Sua sponte*" means "[w]ithout prompting or suggestion; on its own motion." *Sua Sponte*, Black's Law Dictionary (11th ed. 2019). Here, GEICO urged the Court to pierce the pleadings because the Normans' Complaint omitted or misstated facts. Second, GEICO was permitted to submit "summary-judgment type evidence." *Davidson*, 819 F.3d at 766. Third, the Court does not control how many exhibits a party offers; GEICO has submitted voluminous records because there is much evidence proving its point. Fourth, and most substantively, the Court did not convert the motion to one under Rule 56. As explained in the Order denying remand, the full Rule 56 test does not apply in this context. As it noted then, under a "summary inquiry,"

> the Court may "consider summary-judgment type evidence" like the evidence GEICO has produced. [quoting *Davidson*, 819 F.3d at 766]. That does not, however, mean that Plaintiffs must offer rebuttal evidence. *Id.* "Instead, the evidence that is dispositive on the *Smallwood* inquiry are the facts that could be easily disproved if not true." *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 220–21 (5th Cir. 2018).

Aug. 17, 2020 Order [9] at 8–9. As it relates to George's Place, GEIGO's evidence demonstrates the dates the Normans acquired their insurance coverage and when they first encountered

7

George's Place—things that could be "easily disproved if not true." *Cumpian*, 910 F.3d at 220–21. Plaintiffs' arguments regarding the legal standards are not compelling.

B.     The Real Issue

Despite everything else, the issue here is quite simple. Plaintiffs say they have stated a viable claim against George's Place for fraudulently attaching Alfred Norman's electronic signature to the UMBI coverage waiver. GEICO counters that George's Place could not have done so because the signature occurred in 2008, whereas the Normans first visited George's Place in 2010.

There is no dispute that George's Place first transacted business with the Normans in 2010. *See* Betty Norman Aff. [12-2] at 2. The question is whether the alleged fraud occurred before that date. In their motion for reconsideration, the Normans state "that they did not come in contact with GEICO insurance until" they purchased a 2001 Chevrolet Silverado from George's Place on March 16, 2010. Mot. [12] at 3. According to the Normans, "it is [therefore] impossible for GEICO or any reasonable minded person to believe that Plaintiffs had that vehicle . . . , or any other vehicle insured in 2008 as reported by GEICO insurance." *Id.* at 4 (sic). Although they do not expressly connect the dots, it seems that the Normans now say the allegedly fraudulent UMBI coverage waiver occurred in 2010 when George's Place first sold them the Silverado.[4]

For starters, Plaintiffs' argument contradicts their own Complaint wherein they aver that "the policy was issued or renewed *since 2008*, all while taking Plaintiff's money." *See* Compl. [1-2] at 3 (sic) (emphasis added). In other words, they purchased and have been paying for the

---

[4] For clarity, the 2001 Silverado was not the accident vehicle but is significant because it reflects the first purchase from George's Place.

policy since 2008.  They then pleaded that "[o]n or around October 24, *2008* Plaintiff electronic signature was fraudulently signed to an GEICO Insurance rejection form through George's Place."  *Id.* at 5 (sic) (emphasis added).  The Court noted in its initial Order denying remand that these averments establish the alleged fraud occurred in 2008, almost two years before the Normans first visited George's Place.  *See* Aug. 17, 2020 Order [9] at 8.  The Normans failed to address this problem in their motion for reconsideration and ignored it again in their reply brief after GEICO noted the contradiction.  *See* Def.'s Mem. [16] at 6.

When the Normans disavowed their own pleaded facts, they forced GEICO to produce the voluminous records addressed in the last section.  Ironically, GEICO offered those records to prove what the Normans themselves pleaded in their Complaint—that coverage existed in 2008.  There is no need to catalog that evidence, but if the Normans had no coverage until 2010, then why were they paying for it in 2008—as they themselves allege in the Complaint and as GEICO's records demonstrate?  And how do they explain their 2007 application for coverage or the declaration pages before 2010?  Moreover, the exhibits the Normans attached to their Complaint confirm their averment that the disputed waiver occurred in 2008.  *See* Compl. [1-2] at 9 (UMBI Waiver); *id.* at 12 (UMBI Election).

Even after GEICO offered this substantial record, the Normans failed to substantively address the point in reply, arguing instead:

> To be clear, Plaintiff with all the support as found *in Plaintiffs pleadings*, believe, know, realize, covenant and without any reasonable doubt has shown that there are genuine issues of material facts established in this case to warrant Plaintiff being favor for summary judgment, judgement on the pleadings and certainly for remand back to state court.

Pls.' Reply [17] at 6 (sic) (emphasis added).

9

While they purport to rely on their "pleadings," *id.*, their only "pleading" in this case is the Complaint. *See* Fed. R. Civ. P. 7(a); *see also Yankton v. Epps*, 652 F. App'x 242, 247 (5th Cir. 2016) (noting that "a motion is not a pleading"). And the Complaint says the fraud occurred in 2008. That raises a significant point—"factual assertions in pleadings . . . are considered to be judicial admissions conclusively binding on the party who made them." *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983). Thus, "[f]acts that are admitted in the pleadings 'are no longer at issue.'" *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 108 (5th Cir. 1987) (quoting *Ferguson v. Neighborhood Hous. Servs., Inc.*, 780 F.2d 549, 551 (6th Cir. 1986)).

Although the Normans never confront their own pleadings, they apparently hope to sidestep their judicial admissions by offering an affidavit from Betty Norman. In that declaration, she swears that "GEICO could not have been my carrier in 2008, because I did not become insured with them before George's Place Auto signed our name to the signature page of GEICO insurance." Betty Norman Aff. [12-2] at 2.

That affidavit is of no moment. In *Davis*, the plaintiffs (the Davises) alleged in their complaint that they closed certain accounts in 1983 after discovering the defendant's objectionable trading practices. 823 F.2d at 107. But when the defendant asserted a statute-of-limitations defense, Mr. Davis submitted an affidavit that "conflict[ed] with [the] earlier statements in their complaints." *Id.* The Fifth Circuit affirmed summary judgment, holding: "Irrespective of which document contains the more accurate account, the Davises are bound by

10

the admissions in their pleadings, and thus no factual issue can be evoked by comparing their pleadings with Dr. Davis' affidavit." *Id.* at 108. The same is true here.[5]

On this record, the Normans have judicially admitted that the alleged fraud occurred in 2008 and have maintained that they first encountered George's Place in 2010. There is "no reasonable basis for the district court to predict that the [Normans] might be able to recover against [George's Place, the] in-state defendant." *Smallwood*, 385 F.3d at 57.

Having found George's Place improperly joined, the Court dismissed it without prejudice. The Normans take issue with this as well, suggesting that it was improper and somehow reveals that the Court did not fully believe its own ruling. *See, e.g.*, Pls.' Reply [17] at 3 ("Plaintiff cannot understand how the Court believes after piercing the pleadings of Plaintiff that the state actor was not a viable claim if the court order "without prejudice." (Sic)). Not so. "When, as here, a court determines that a nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) (emphasis in original).

---

[5] Betty Norman's after-the-fact and self-serving affidavit has other problems as well. To begin, Plaintiffs did not offer this previously available evidence until after the Court denied remand. More substantively, Betty is not the disputed signatory in 2008. Alfred is the one whose electronic signature was allegedly falsified, and it appears from the application that he applied for the policy. *See* Application for Insurance [5-5]. Yet Plaintiffs offered no affidavit from him. That seems a little suspicious, especially after GEICO noted it in response and the Normans left the charge unrebutted. *See* Def.'s Mem. [16] at 5. Regardless, the Normans have not established Betty's personal knowledge. The affidavit also contradicts the waivers the Normans attached to their Complaint, both of which were dated 2008. And it fails to explain why the declarations pages before 2010 all list Alfred and "B E" Norman as insureds under the disputed policy. Dec. Page [14-4] at 7–21. Similarly, neither Betty's affidavit nor the Normans' reply address George's Place's sworn statement that it merely added the Silverado purchased in 2010 to the Normans' preexisting GEICO policy. Finally, she has not explained why the declaration page in 2010 adds the Silverado to the existing policy. These problems notwithstanding, the affidavit cannot undo the Normans' judicial admissions. *Davis*, 823 F.3d at 108.

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, the Normans' Motion for Reconsideration [12] is denied.[6]

**SO ORDERED AND ADJUDGED** this the 28th day of August, 2020.

    s/ *Daniel P. Jordan III*
    CHIEF UNITED STATES DISTRICT JUDGE

---

[6] It is impossible to ignore Plaintiffs' accusation that the Court is now somehow "bias as well as prejudice to Plaintiffs'." Pls.' Reply [17] at 5 (sic). Similar comments permeate Plaintiffs' briefs. *See, e.g.*, *id.* at 7 ("[T]his honorable Court has chosen to ignore the same law which totally confuses Plaintiffs."). Their counsel then claims that she "might not be favored in the eyes of others in law," *id.*, but asserts that she has an ethical responsibility to zealously represent her clients, *id.* at 8. There is a difference between zealous representation—which is required—and acerbic remarks or unfounded claims of bias and prejudice. The latter do not serve the client well because inflamed rhetoric is no substitute for an argument grounded in a correct understanding of the law. No court is persuaded by bluster. And in this case, the Court—to include the magistrate judge—has exercised considerable restraint as counsel has attempted to navigate federal procedure. To be clear, the Court has no interest in who prevails, and it certainly has no incentive to keep a case that should be remanded; denying the Normans' motion only creates more work in a case that has already generated more than it should. Finally, neither the Normans nor counsel's future clients need worry that the Court will alter its rulings based on who represents them. Counsel will prevail when she should—as she did on several motions leading to the first remand—but she should refrain from baseless accusations and unsupported legal assertions.