# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**BETTY NORMAN and ALFRED NORMAN**                                    **PLAINTIFFS**

**VS.**                                   **CIVIL ACTION NO. 3:20-CV-00418-DPJ-FKB**

**GEICO INSURANCE, JOHN DOE COMPANY, and JANE DOE**        **DEFENDANTS**

## MOTION TO DISMISS

COMES NOW, Defendant, GEICO General Insurance Company (improperly identified as "GEICO Insurance") (hereinafter "GEICO"), by and through counsel, pursuant to Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE, and moves to dismiss the Plaintiffs' Amended Complaint filed against it herein for failure to state a claim upon which relief can be granted, and in support thereof, would show unto this Honorable Court the following, to-wit:

1.      On or about October 23, 2020, Plaintiffs, Betty Norman and Alfred Norman (hereinafter "Plaintiffs"), filed their Amended Complaint against GEICO Insurance, John Doe Company and Jane Doe asserting claims against GEICO as follows: (1) Breach of Contract, (2) Insurance Bad Faith, (3) Negligent Misrepresentation, (4) Fraudulent concealing in business dealings, (5) Negligent intentions of emotional distress, (6) Bad faith in insurance law, (7) Negligence Per Se, (8) emotional distress, and (9) negligent hiring and negligent supervision of agent and employees.

2.      GEICO now moves to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.

3.      The entirety of Plaintiffs' Amended Complaint is focused on the breach of contract and bad faith conduct alleged to have been committed by GEICO relating to their denial of Plaintiffs'

uninsured motorist bodily injury claim submitted to them after Plaintiff, Betty Norman, was involved in a minor hit and run accident that occurred on or about July 31, 2019 ("subject accident").

4. It is undisputed that on the date of the subject accident, the Plaintiffs maintained a policy of insurance issued by Defendant, GEICO General Insurance Company, bearing policy number 4087-20-13-74 ("subject policy"). *See* Exhibit "A" attached to the Plaintiffs' Amended Complaint.

5. However, on the date of the subject accident, the subject policy did not provide any "Uninsured Motorist Bodily Injury" ("UMBI") coverage as it had been previously rejected by the Plaintiffs back on October 24, 2008. *See* Exhibit "A" attached to the Plaintiffs' Amended Complaint confirming that no UMBI coverage was provided by GEICO to the Plaintiffs on the date of the subject accident and that no policy premium was charged for UMBI coverage on any vehicle insured under the GEICO policy at the time of the subject accident.

6. Plaintiffs attempt to support their claims asserted against GEICO by attaching a copy of a form electronically signed by Plaintiff, Alfred Norman, on October 24, 2008, requesting $25,000/$50,000 in UMBI coverage as Exhibit "D" to their Complaint, as well as several other documents which have no relevant bearing on the Plaintiffs' Amended Complaint. However, the request for UMBI coverage set forth on Exhibit "D" came minutes prior to the rejection of UMBI coverage which is why the Plaintiff's GEICO policy issued in 2008 with no UMBI coverage[1].

---

[1] As will be shown by the evidence should this lawsuit proceed forward, Plaintiff, Alfred Norman, electronically signed a UMBI coverage form seeking to establish UMBI limits of $25,000 per person and $50,000 per accident on the vehicles listed on his GEICO policy at that time. *See* Exhibit "D" to Plaintiffs' Complaint. This occurred at 2:22 p.m. on October 24, 2008. Four (4) minutes later at 2:26 p.m. on October 24, 2008, Plaintiff, Alfred Norman, electronically signed a UMBI coverage form rejecting UMBI coverage on the vehicles listed on his GEICO policy at that time. No additional change was made and the policy endorsement issued on October 25, 2008, clearly reflecting the UMBI coverage was rejected. From that date forward, each and every endorsement declarations page issued on the GEICO policy, along with each and every renewal declarations page issued on the GEICO policy. Each

7. The entirety of Plaintiffs' Amended Complaint focuses on GEICO's actions regarding their denial of Plaintiff Betty Norman's bodily injury claim submitted to GEICO after the subject accident. That denial was solely based upon the Plaintiffs' prior written rejection of UMBI coverage **which occurred on October 24, 2008**.

8. Plaintiffs do not deny that GEICO is in possession of an electronic form containing the Plaintiffs' electronic signature rejecting UBMI coverage on the Plaintiffs' GEICO policy dated October 24, 2008. Instead, they now argue that their signature was fraudulently signed on the electronic form on October 24, 2008.

9. If Plaintiffs truly believed their name was fraudulently signed on an electronic form on October 24, 2008, the statute of limitations period for questioning the signature has long since run.

10. Plaintiffs cannot simply bury their head in the sand for more than ten (10) year despite being in possession of and having access to every insurance coverage form provided by GEICO to them between the date of the alleged fraudulent signature (October 24, 2008) and the subject accident (July 31, 2019), which clearly show Plaintiffs had rejected and never charged for UMBI coverage on their GEICO policy.

11. It is clear that Plaintiffs' claims relating to their prior written rejection of UMBI coverage is barred by the applicable three (3) year statute of limitations period set forth in Miss. Code Ann. § 15-1-49. Specifically, more than ten (10) years have passed from the time the Plaintiffs' policy of insurance with GEICO was issued that clearly shows UMBI coverage was rejected, and, to date, the addition of which has never been requested.

---

of these documents were mailed to the Plaintiffs at 247 Glenside Drive, Jackson, Mississippi, beginning October 25, 2008 shows that UMBI coverage was rejected by the Plaintiffs.

12.     GEICO has never denied that Plaintiffs maintained a policy of insurance with GEICO on July 31, 2019. However, that policy of insurance simply did not provide UMBI coverage on any of the Plaintiffs' vehicles, and had not done so consistently since October 24, 2008, which includes the date of the accident on July 31, 2019, and even thereafter.

13.     Furthermore, Plaintiffs were never charged for UMBI coverage on or after October 24, 2008.

14.     Despite having more than ten (10) years to properly add UMBI coverage on their GEICO policy (and actually pay for the coverage), Plaintiffs failed to do so.

15.     Therefore, when the Plaintiffs presented a bodily injury claim for uninsured motorist benefits to GEICO for the injuries allegedly sustained by Plaintiff Betty Norman in the hit and run accident on July 31, 2019, GEICO rightfully denied the claim as the Plaintiffs' GEICO policy did not provide for such coverage.

16.     Because the entirety of Plaintiffs' claims against GEICO relate solely to the Plaintiffs' prior rejection of UMBI coverage on October 24, 2008, and GEICO's subsequent denial of Plaintiff Betty Norman's bodily injury claim for uninsured motorist benefits for the July 31, 2019 accident, Plaintiffs' claims are time barred by the applicable three year statute of limitations period set forth in Miss. Code Ann. § 15-1-49. As such, Plaintiffs have failed to state a claim against GEICO upon which relief can be granted. For all of the reasons stated herein, GEICO's Motion to Dismiss should be granted.

WHEREFORE, PREMISES CONSIDERED, Defendant, GEICO General Insurance Company, respectfully requests that this Court grant its Motion to Dismiss and dismiss the Plaintiffs' Complaint with prejudice.

RESPECTFULLY SUBMITTED, this the 2nd day of November, 2020.

                                                  GEICO GENERAL INSURANCE
                                                  COMPANY, Defendant

                                      By:     s/ *David Lee Gladden, Jr.*
                                                   DAVID LEE GLADDEN, JR. (MSB #100839)

OF COUNSEL:
DAVID LEE GLADDEN, JR. (MSB #100839)
WHITNEY GLADDEN (MSB #102565)
DAVID L. CARNEY (MSB #101716)
BRIDGET K. HARRIS (MSB #100351)
GLADDEN & INGRAM, PLLC
455 Pebble Creek Drive
Madison, Mississippi 39110
Post Office Box 2970
Madison, Mississippi  39130
Tel: (601) 707-5903
Fax: (601) 707-5915
Email: lgladden@gladdeningram.com
Email: wgladden@gladdeningram.com
Email: dcarney@gladdeningram.com
Email: bharris@gladdeningram.com
Web: www.gladdeningram.com

## **CERTIFICATE OF SERVICE**

I, David Lee Gladden, Jr., one of the undersigned counsel of record for the Defendant, GEICO General Insurance Company, do hereby certify that I have this day filed and sent via ECF a true and correct copy of the foregoing document to:

>Abby Robinson, Esq.
>ABBY ROBINSON LAW FIRM, PLLC
>227 E. Pearl Street
>Jackson, Mississippi 39201
>   *Attorney for Plaintiffs*

SO CERTIFIED, this the 2nd day of November, 2020.

s/ *David Lee Gladden, Jr.*