S
ALFRED NORMAN

VS.         <u>CIVIL ACTION NOL 3:20-CV-418-DPJ-FKB</u>

GEICO INSURANCE,         DEFENDANTS
JOHN DOE COMPANY 1-5,
and JANE DOE 1-5

_____

### PLAINTIFF'S RESPONE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT Doc.[22].
_____

**COMES NOW,** Plaintiffs' Betty and Alfred Norman, by and through their attorney of record Abby Robinson & Associates Law Firm PLLC, and files this response to Defendant's motion to dismiss Plaintiff's complaint. amended complaint Doc. 22.

As such, Plaintiff will show to wit:

   1. ON August 17, 2020 this honorable Court in it's order said that it knew that Plaintiff's had a DISPUTE regarding the jurisdiction of the District Court. This honorable Court even held that Plaintiff improperly joined George" Place Inc, and at that time Plaintiff refused to admit that the amount in controversy did not exceed $75,000 Please see paragraph one of the Court's order Doc.[9].

   2. It followed that this honorable Court, in that same opinion, held that **5th Circuit "does allow pleading piercing, the Court assumes Plaintiffs are arguing that it is not appropriate here."  Page 8 paragraph 2 of Doc.[9].**  Plaintiff bewildered that the Court thought that Plaintiffs were challenging the court's authority remained silence and instead as the court to reconsider the court's holding, however, the court denied Plaintiff's motion for reconsideration.

3. It was there that Plaintiff's as well as their attorney became very concern that the Court would do the work of one of the opposing attorneys causing a sure victory for the same, instead of being the gatekeeper regarding the matter before the court. Plaintiff's also was afraid to even seek or try to argue anything against the Court for it appeared that the Court was robust in pierced the pleadings of Plaintiffs in favor of GEICO Insurance.

4. Plaintiff response to the Court with case law pursuant to 5th Circuit including the 5th Circuit's holding in Smallwood v. Illinois Cent. R. Co; page 2-5 of Doc.[10]. There Plaintiff argued as required to support their having the opportunity to have all Defendants answer to the claims as asserted, however, as stated above the Court denied Plaintiff's motion to reconsider.

5. Plaintiff avers that the most notable opinion from this Court was when this Court stated in it's **ANALYSIS** of facts and law and in it's footnote 2: **" Nearly every statement for Plaintiff's briefs that is quoted in this Order contains multiple grammatical and/or typographical error."** Doc.[18] page 3.

6. Plaintiffs attorney in pure disbelief, that this honorable Court would send such an insulting remark within it's analysis in the order, filed a response objecting to the Court's order, stating *inter alia* that Plaintiff did not know that their attorney could not file a document of facts and law and be expected to be a scholar in punctuation. Plaintiffs attorney apologized to the court if the commas or other were not in the proper place but the law cited and the facts did not change.

7. It was at that point that Plaintiffs attorney explained to Plaintiffs that if the Court does not appreciate their attorney's grammar and since the Court did an action that literally assisted Defendant GEICO Insurance, namely pierced the pleadings, that they should seek another lawyer whom probably excels in grammar punctuations or spelling for that matter. They refused and

asked this lawyer to continue the litigation. It followed that Plaintiffs took a closer look at what the Court left them with to litigate and realized, after the Court's denial to remand and reconsider, that Plaintiff's case is actually stronger in district court, as such, that Plaintiff's should thank Defendant GEICO for instituting the removal of the complaint to district court. (Plaintiff in their focus on the bad acts of George's Place Inc, failed to realize the many issues not claimed against GEICO.

8. Now, the issue is GEICO Insurance has come again to file a motion to dismiss Plaintiffs claims under F.R.C.P. 12(b)(6) failure to state a claim of which relief may be granted.

9. Cautiously, Plaintiff's are fully aware that this same honorable Court presides over this motion and that this honorable Court has the authority to find some way to prevent this Defendant from answering to the claims filed by Plaintiff.

10. So from the onset of this pleading Plaintiff makes this record stating that Plaintiff's counsel has NO POWER against this honorable Court, Plaintiff's attorney FEARS the power of the Court, Plaintiffs attorney honors this honorable Court, and that Plaintiffs are fully aware that their argument might not be only against Defendant GEICO, but this Court as well in it's orders which is why Plaintiff contend that she understands that that is what the Fifth Circuit of Appeals if for. Additionally, Plaintiff has been made aware of her rights to file an appeal to the 5th Circuit regarding any issues moving forward on this case, and as a result, Plaintiff believes that a miscarriage of justice likely will follow if she does not exercise her constitutional right to redress the district court regarding her case as well as the district court's presumption of facts and law that goes against 5th Circuit holdings. Plaintiff also makes the record in this pleading in notably stating that Plaintiff is concerned, rightly so due to the Court's footnote in it's analysis that is

shown for this Defendant and the world to see, that this honorable chief Justice might feel some possible ill type of way about Plaintiffs lawyer but Plaintiff is hopeful that Court will merely follow the oath sworn by the district courts, as well as the Preambles of Canon Judicial Rules in order that fair justice is shown.

11. Furthermore, Plaintiffs ask their lawyer of the legal steps required in litigation when Plaintiffs have to fight the Defendant while being careful not to write a pleading challenging the Court that might cause the Court to strike at Plaintiff's lawyer for doing the job of Plaintiff's lawyer. Plaintiff's lawyer clearly stated to Plaintiffs that although district courts have sworn to uphold the constitution of the United States there are instances where they have great latitude in their authority and all that a party can do is show the court the holdings and opinion of the 5th Circuit Court of Appeals for redress.

12. As such, Plaintiff responds to Defendant, GEICO Insurance motion to dismiss as follows: First, THE LAW: 5TH Circuit held in ***Wilson v. Republic Nat'l Indus. of Texas, LP,*** No. 3:19-CV-0593-B (N.D. Tex. Aug. 16, 2019) **"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.' ").** As such, Plaintiff in trying to be as cautious as possible in viewing the Court piercing their pleadings and dismissing George's Place Inc from this lawsuit, must show case law that heavily weighs in the favor of Plaintiff and based on the facts asserted by Plaintiff.

13. In this case Plaintiff has attached hereto as exhibit A, a letter dated September 20, 2019. The letter was faxed to Plaintiff's attorney and from Defendant's claims representative Jackie Sanders. Page 3 of the faxed letter shows a dark bubble in the limits section as

"$25,000/$50,000. The next dark bubble says Limits "$25,000. There on exhibit A, there is a section that GEICO's adjuster could have bubbled that says: "DO NOT INCLUDE UNINSURED MOTORIST COVERAGE IN MY POLICY." As the evidence reads, there is absolutely no evidence from this Defendant that remotely shows Plaintiff did not have coverage at the time of the accident.

14. Plaintiff avers that there exist a material dispute in the matters of Plaintiff's claims and therefore, Defendant's motion to dismiss should be denied pursuant to law and F.R.C.P.

15. In **_Delgado v. S. Tire Mart, LLC,_** No. SA-16-CA-01137-FB (W.D. Tex. Sept. 22, 2017) 5th Circuit holds that: "To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." _Ashcroft v. Iqbal_, 556 U.S. 662, 678 (2009). It follows that Plaintiff has asserted factual statements regarding misrepresentation, bad faith of their insurance carrier, negligence, negligence per se as well as all the other claims made in Plaintiff's amended complaint.

17. Moreover, 5th Circuit also held that: " In considering a motion to dismiss for failure to state a claim, t**he Court must accep**t as true the well-pleaded factual allegations A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. **Bell Atlantic Corp. v. Twombly,** 550 U.S. 544, 562 (2007). In the case before this honorable Court, Plaintiff contend that it would be simple non-sense, illogic and strange for Defendant's to fax an email showing what coverages Plaintiffs have at the time and date of the accident. As such, Plaintiffs have shown to the court enough facts to cause this matter to be litigated as filed, and discovery that follows. Therefore, Defendant's motion to dismiss should be denied according to law and facts.

**RESPECTFULLY SUBMITTED this the 2nd day of November, 2020**

By Plaintiffs':
Betty and Alfred Norman
**/s/Abby Robinson (MBN. 105157)**
ABBY ROBINSON LAW FIRM PLLC.
227 E. Pearl Street
JACKSON, MS 39201
PH. 601-321-9343
FAX. 601-487-6326
EMAIL: arobinsonlawfirm@yahoo.com
EMAIL: abby@askabbylaw.com