UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BETTY NORMAN AND ALFRED NORMAN                                             PLAINTIFFS

V.                                                    CIVIL ACTION NO. 3:20-CV-418-DPJ-FKB

GEICO INSURANCE                                                              DEFENDANT

ORDER

Defendant GEICO Insurance Company seeks dismissal of Plaintiffs' Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that all claims are time-barred. Mot. to Dismiss [22]. Because it is not evident from the face of the Amended Complaint that Plaintiffs' claims are time-barred, the motion is denied.

I.     Facts and Procedural History

This case arises out of a July 31, 2019 automobile accident between Plaintiff Betty Norman and a hit-and-run driver. After the accident, the Normans made an insurance claim with GEICO, their automobile-insurance provider. GEICO denied the Normans' claim for uninsured-motorist bodily-injury (UMBI) coverage, claiming that Alfred Norman waived that coverage eleven years earlier. The Normans contend that Alfred never declined UMBI coverage, that his "electronic signature was fraudulently signed to" the waiver, and that contrary to the waiver, Alfred's electronic signature appears on a 2008 form electing UMBI coverage. Am. Compl. [21] at 5. On November 2, 2020, GEICO moved to dismiss the Amended Complaint and then filed an Answer to it. The Normans responded in opposition to the motion, and GEICO declined reply.

II.    Standard

When considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr.*

*Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)).  But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 555 (citations and footnote omitted).

Significant to the present motion, dismissal under Rule 12(b)(6) on the basis of an affirmative defense—such as a statute of limitations—is appropriate only if "it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."  *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

III.    Analysis

The Amended Complaint states the following claims against GEICO:  breach of contract, bad faith, negligent misrepresentation, fraudulent concealment, negligent infliction of emotional distress, negligence per se, emotional distress, and negligent hiring and supervision.  Am. Compl. [21] at 2.  There is no dispute that each claim falls under the three-year statute of limitations set forth in section 15-1-49(1) of the Mississippi Code.

GEICO says all claims are time-barred because Alfred Norman rejected UMBI coverage on October 24, 2008, when he electronically signed a coverage waiver.  Def.'s Mem. [23] at 2.  It further argues that if the Normans claim Alfred's signature was forged, then all claims are still

2

barred because they "flow[ ] from" the alleged forgery in 2008. *Id.* As a result, according to GEICO, the statute of limitations on the Normans' claims expired in October 2011—more than eight years before they filed suit in 2019. *Id.*; *see also id.* at 4. Neither party cites any legal authority regarding GEICO's argument that all claims are barred because they flow from what occurred in October 2008, but for the reasons addressed below, the Court is not yet convinced.[1]

The Normans offer one substantive response to GEICO's motion, arguing that on September 20, 2019, GEICO claims representative Jackie Sanders faxed them a letter attaching a document Alfred signed on October 24, 2008, accepting UMBI coverage. Pls.' Resp. [25] at 4–5; *see also* Am. Compl. [21] at 3 (making same claim). According to the Normans, this correspondence demonstrates that "there is absolutely no evidence from this Defendant that remotely shows Plaintiff[s] did not have coverage at the time of the accident." Pls.' Resp. [25] at 5.

Though the Normans never link this factual point to a statute-of-limitations analysis, their observation merits attention. The September 20, 2019 correspondence—which was attached to the Amended Complaint and therefore properly considered under Rule 12(b)(6)—does suggest

---

[1] GEICO attempted to buttress its argument that Alfred declined UMBI coverage in 2008 by arguing that after he signed the waiver, coverage "was not provided to, nor paid for by, the Plaintiffs. As such, any claims relating to GEICO's actions flowing from this prior rejection of UMBI coverage are time barred." Def.'s Mem. [23] at 3. Notably, the Normans' payment history exceeds the scope of Rule 12(b)(6). Unless the motion to dismiss is converted to a summary-judgment motion, the Court does not consider "matters outside the pleadings." Fed. R. Civ. P. 12(d). There are exceptions. For example, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citation omitted). But no such documents were attached to the motion. So, for now, the payment history is beyond the scope of review. And even if the payment history is as GEICO represents, it might not be dispositive. The parties would need to substantively address—with legal authority—the impact of that history on each claim.

that Alfred accepted UMBI coverage on October 23, 2008.  *See* Ex. C [21-3]; Ex. D. [21-4].  Consistent with that, the Amended Complaint avers that Plaintiffs "had uninsured/underinsured motorist coverage."  Am. Compl. [21] at 2.  There may be other explanations for the documents allegedly attached to the September 20, 2019 correspondence.  But under Rule 12(b)(6), the Court is limited to the pleadings and must view the well-pleaded facts in the light most favorable to the Normans.  *Martin K. Eby Constr. Co.*, 369 F.3d at 467.  That means, for now, the Court must assume the Normans had UMBI coverage beginning in 2008.

GEICO offered no reply addressing the Normans' argument that they held UMBI coverage.  And if such coverage existed at the time of the accident, then it undercuts GEICO's argument that all claims "flow[ ] from" whatever happened in October 2008 and are therefore time-barred.  Def.'s Mem. [23] at 2.  Under Mississippi law, "[a] cause of action accrues 'when it comes into existence as an enforceable claim'—i.e., [when] all the elements of the cause of action are present."  *McDonnell v. Miller*, 655 F. App'x 229, 232 (5th Cir. 2016) (quoting *Weathers v. Metro. Life Ins. Co.*, 14 So. 3d 688, 692 (Miss. 2009)).  For example, a claim for breach of contract "accrues at the time of the breach."  *Id.* (quoting *First Trust Nat'l Ass'n v. First Nat'l Bank of Commerce*, 220 F.3d 331, 334 (5th Cir. 2000)).  So, if Alfred obtained UMBI coverage in 2008—as alleged in the Amended Complaint and allegedly reflected in its exhibits— then claims related to the denial of coverage in 2019 accrued at the time of the alleged breaches.  *Weathers*, 14 So. 3d at 692.  As a result, GEICO's affirmative defense is not "evident from the plaintiff's pleadings."  *Jones*, 339 F.3d at 366.

 Finally, even assuming some claims accrued in 2008, it is not "evident" from the Amended Complaint that it "fail[s] to raise some basis for tolling or the like."  *Id.*  Certainly, there are claims of fraud dating back as far as 2008.  *See* Am. Compl. [21] at 5 ("On or around

October 24, 2008, Plaintiff['s] electronic signature was fraudulently signed to a[] GEICO Insurance rejection form that Plaintiff believes was done by George's Place Auto."). But the Normans also allege that GEICO "tried to conceal the matter of coverage by sending documents that Plaintiff was covered for the uninsured/underinsured motorist coverage." *Id.* at 2; *see also id.* ("Defendant GEICO Insurance represented that she was covered for Uninsured Motorist."). So, assuming some of the Normans' claims against GEICO are based on purported wrongdoing in 2008, the Amended Complaint appears to raise a *potential* basis for tolling. *Jones*, 339 F.3d at 366.[2]

IV.  Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, GEICO's Motion to Dismiss [22] is denied.

**SO ORDERED AND ADJUDGED** this the 13th day of January, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that this Order is based on Rule 12(b)(6). Whether the statute-of-limitations defense could prevail under other standards is not before the Court and has not been considered. The denial of the motion to dismiss is without prejudice to either side's right to revisit the statute of limitations at the appropriate time.